RECEIVED

MAR 15 2013

Legal Programs Department

UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CIVIL ACTION NO.

LARRY ROBERTSON
  VERSUS
James LeBlance, Secretary ET AL.
Louisiana Department Of Public Safety And Corrections.
Burl N. Cain, Warden.
kenneth Norris, AW.
Dr. Jason Collins, medical Director.
State of Louisiana, Health Service.
Sgt. Earnestine Jackson. Dorm Officer.
Mrj W. Thomas. D.B. Court Officer.
Mr. R. Augustine. D.B. Court Officer.
Investigation Service, LSP.
Kathy Fontenot, AW.
Col. David Voorhies "ARP" Respondent.
B. Dobbs, Appeal warden.
M. Piazza, Appeal Lt.
L. Roblin, Appeal Lt.
Troy Poret, AW II Out Camp.
Sgt. Shane Daniel, Cell Block Officer.

SCANNED at LSP and Emailed
3/15/13 by ____ . 27 pages
date    initials    No.

1.

## JURISDICTION

### (1.)

This is a civil action authorzied by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the united States. The court has jurisdiction under 28 U.S.C Section 1331 and (A)(3) plaintiff seeks de - claratory relief pursuant to 28 U.S.C Section 2201 and 2202. plaintiff claims for injunctive relief are authorized by 28 U.S.C. 2283 ; 2284 and Rule 65 of the Federal Rules of civil procedure .

### (2.)

The United States middle District Court For Louisiana Is An appropriate venue under 28. U.S.C. Section 1391 (B)(2) because it is where the event giving rise to this claim occured

### Plaintiff (3)

Plaintiff, Larry Robertson. Is and was at all time mentioned herein a prisoner of the state of Louisiana in the custody of the Louisiana Department of correction.

### (4.)

Plaintiff is currently confined in the Louisiana State Penitentiary at Angola, Louisiana

(5)

Defendant, James LeBlance is the secretary of the Department of Safety and Correction, He is legally responsible for the overall Operation of the Department and each institution under its- jurisdiction, Including the Louisiana, state penitentiary at Angola.

(6.)

Defendant Burl N. Cain is the warden of the Louisiana State Penitentiary. He is legally responsible for the operation of the Louisiana State Penitentiary and for the welfare of all the Inmates of this prison

(7.)

Defendant Doctor Collians is a medical physician, in the Louisiana State penitentiary at Angola, He is legally responsi-ble for the health care of all offenders under the jurisdiction of this institution

(8.)

These other Defendant, Herein, this on going event, are named! And/OR mention: Because, of their part of Injustice! That is a threat, to Justice, Any where. ET AL

(9.)

Each Defendant, Is sued individually, and in his or her Capacity with cost for damages. At all times mentioned in this complaint each defendant acted under color of State law.

3.


(4.)

(1.) Prison Official, Caused mental harm to this plaintiff. As well as physical abuse. By put-thing him through torture, When he should have return back to his dormitory. After D.B Court. Which (Cause injury) (necessary for money damages under PLRA);

(2.) The guard's actions were not necessary or reasonable to maintain prison discipline. To this Poor Plaintiff.

(3.) Evenso, LSP. Appeal made a double Jeopardy Ruling Against this plaintiff. when after the first decision. On appeal, by LSP. plaintiff was not satisfied. And had made his wish to appeal as stated by D.O.C. He had within five (5) days of receipt of that decision. Refer to Exhibit (A.) To appeal his second step. To the Secretary, He did so But LSP. Refuse to send it in. Therefore, They waited 3 months. And Still made their own decision. Which is bad judgement and/or Erroneous. To due process.

4.

## FACTS
### (10.)

(Plaintiff) Mr. Larry Robertson, is of age of majority 51 yrs of age

Here-in, at Louisiana State Prison. Offenders are housein in dormiterys, at a capacity, of Eighty Six (86) inmates. Over Crowdiness, And/or left to share, a very small area, Between bunks.

Mr. Robertson (plaintiff) Bunked in bed 45#. And offender Miardello Ashford, Bunked in bed 46#. Which is duble, Bunks. Offender Miardello Ashford, "Had Issues." Some where around 1980-1989. Ashford, kill another inmate, at Dixon Correction Center, Jackson, LA. He, Ashford Boasted About his reputation daily!

### (11)

On about, May 11, 2012. Offender, Miardello Ashford, And Plaintiff - Larry Robertson. Had an disagreement. Offender Ashford, Called (plaintiff) Larry Robertson out his name, But, Robertson, Ignore him, all the more.

Time of incident 4:35 p.m. Appx.

Place of incident Wal-4. LA. STATE PRISON ANGOLA, LA 70712

(Plaintiff) Larry Robertson, Being a handicap, One that uses an extension cane.

Continued from previous (11.) page.

Day of may 11, 2012. Offender Miardello Ashford. Brutally Attacked (Plaintiff) Larry Robertson, while he setted on his bunk. Reading his mail.

Robertson (Plaintiff) was unable to defend his self. Offender-Ashford. Constantly, Repeatly, And violently Beating Robertson, with a combination lock. Causing Robertson, To black out. 95% unconscious

(Plaintiff) Larry Robertson was later escort, to C.B.B. And Spoke with investigation Service. From there at C.B.B. Escorted. To the health center. Emergegence Room. So much blood is lost doing this time. (Plaintiff) Larry Robertson. Were Staple and Stiteher up. And sent to CBB. Dungeon. Instead of being place into the ward. For medical observation. With no type of medication And/or No medicare. "For his injury!"

On going event. (12.)

(Plaintiff) Larry Robertson. Suffered, From Mental Abuse, physical Abuse.

EXHAUSTION OF LEGAL REMEDIES

(Plaintiff) was Sentence, to Ext. L/D. He appealed. May 15. 2012. Same day of Sentencing. Never did he receive any copies of his disciplinary report. To better prepare, for D.B Court. He was Charge with Aggravated Fighting Robertson. were DENIED. June 29. 2012 See: Exhibit (A.)

L.S.P—2012—0284—W

Continued from previous 12 page.

Exhibit (B) Case Number: L.S.P-2012-1706. Date of ARP May 31, 2012. Response to Request Date 07-09-12 Date, Denied 09/13/12 File on D.O.C Policy, Plainly pro-hibit, Two (2) offenders, being in the same cell, when brought to, Administration Segregation. For alterations such as this one here-in. Aggravated Chargers. And/or Sentene to Extended Lock Down. Camp J. Such as, this is here-in.

May 11, 2012. As (plaintiff) Robertson. Enter C.B.B., He waited for a cell. Upon Officers removing an offender. From Cell (9) To replace Robertson, Into that cell, Do to the Seriousness of the Offense, Aggravated Fighting. He never were diagnose for, Concussions. As he suffered !!! Officers, placed another Offender into cell (9) with him, May 13, 2012 -or- May 14, 2012 To Cause more distress, to his on going, Suffering! Offender Name: Is Gerald Preston. D.O.C# 328057 Col: David Voorhis. Falsify the report. First step. Response. Stating. ADM/SEG Roster. Shows it were no one In the Cell with Robertson. Robertson, Departed May 30, And 2012 And Gerald Preston #328057 Remained, Still There.

Same ARP. (Plaintiff) Robertson. Complained. Sgt. E. Jackson Refuse, to investigate as to who actually had the lock. As well as who were the aggressor. All were misrepresented. By Col. David Voorhis

(12.)

Warden Cain. Prison Head.
Being Notify, Multiple Times. That (Plaintiff) Robertson
Wished to file Charges, To Seek, Intervention! All went
Ignore.
See: Exhibit (1.) Letter to the warden. June 29, 2012.
June 2, 2012.
See: Exhibit (2) Letter to Cheif of Operations Inter Affairs
Section. Dep of Public Safety and Corrections
See: Exhibit (3) Letter to the St. Francisville, LA Clerk of
Court. To File Charges. No respone June 16, 2012
See: Exhibit (4.) Letter to Lg. State Prison Investigation Ser.
For. Copies of reports. Etc. No answer from them. All
went Ignore!

(12.) Still Continuing, In this on going event.
Of Cruel and Unusual Punishment. Violation. Of Eighth
and Fourteenth Amendment of the United States Con-
stitution.

On about June 21, 2012. (Plaintiff) Larry Robertson.
Made Contact, with Ms. Kathy Fontenot A-W. Assistant
Warden. Concern. His May 15. 2012 Appeal. D.B Court
Which on this day, and Year, Of May 15, 2012. To June 15,
2012. Was well over 30 days. For the Appeal Warden
to make his Judgment (decision) Disciplinary Rules And Procedures
For Adult Offenders Plainly States APPEALS VII. Page 18

8.

(12.)

The Warden will decide all appeals within 30 days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the offender is notified accordingly.

A due process violation. Did take place here. In more ways then one!

The Contact with warden Kathy Fonteno. Spark-up some type of Retaliation: Robertson, had explain. To the warden, Fonteno. His appeal must have went, unensure, Because. Its over due, Never did he, Robertson (plaintiff) Received any type of acknowledgment of receipt. OF his appeal be filed. Into the D.B Appea office. OF any such. Well here this. on June 28. 2012. 13 tean days over due. And 7 days After his contact to the warden. He gets an back dated Receipt. June 17. 2012. made by, Lt. Mr. Piazza. Appeal Lt. And the very next day. June 29. 2012. Plaintiff. Received a Judgement. That the appeal had been "denied"

See: Same Exhibit (A)


See: Exhibit (A 1.)
See: Exhibit (B2.) June 29. 2012, where Robertson was not       See: Exhibit (A)
Satisfied with the decision of the warden and wish to appeal
to the Secretary.         Date 6/29/2012 offender Robertson.

See: Exhibit (C3.) (12.)

On about August 9th 2012. Where (plaintiff) Larry Robertson Contacted the, Louisiana State Governor. Bobby Jindal. For the Sole Purpose of Intervention. Because, He had in fact requested to the warden N. Burl Cain. To no avail. The head Warden, Refuse to respond!!!

See: Exhibit (D4.)

Office of the Louisiana Governor. Ms. Christina Grantham Stated to (plaintiff) Robertson. Rest assured that his concern are of great importance to the Governor and his admini- stration. And that his matter falls under the jurisdiction of the Louisiana Department of Public Safety and Corrections. And that they (She) had forwarded his information to D.O.C For further review. And if he had any more problems. To Please Ms. Valli ferrer. At (225) 342-7015    ms. C. Grantham Director of Constituent Servic

See: Exhibit (B2.)

(Plaintiff) Robertson. Rights had been violated to no extent! June 29, 2012. He went on his second (2nd) step Review Which was to be forwarded to the Appeal Secretary, By LSP. Warden Dobbs. Which was never sent. Appeal Lt. M. piazza fail to show Justice, toward offender And/or plaintiff — mr. Robertson. He only received. Acknowledgment of recipt — After Contacting the Louisiana State Governor 8/21/2012. Right at 5 days from 2 months. He was very well "Ignore!"

"Again".                    12

Disciplinary Rules And Procedures For Adult offenders "STATES."
Page 19. The offender will receive an acknowledgment of re-
ceipt and date forward to the secretary's office. The Sec-
retary will decide all appeals within 85 days of the date of
receipt. Of the appeal and the offender will be promptly notified in
writing of the results.

Unless Circumstance warrant an extension of that time-
period and the offender is notified accordingly.. At neither
time. On appeal from warden Dobbs. LSP Appeal D, B. Court. As
Stated on (Page 9.) (12) Did offender And/or (Plaintiff)
get any Notification, Asking for an extension. which is
in violation of L.S.P. And D.O.C. ALSO. TO Plaintiff
Eighth And/or Fourteen Amendment to the United States Consti-
tutional.
See: Exhibit (E5)      (LSP-2012-0284-W)
On about September 10, 2012. A new Lt. By the name of,
ms. Libby Roblin. From Disciplinary Appeals office
Some how Stated. Based on further evidence received from
Investigative Services it was found that insufficient evidence
exists to support the rule violated. Rule #11 (Aggravated
Fighting) L.S.P Amended to reflect a violation of rule #10
Fighting. (Plaintiff) was release September 14, 2012. From Camp-
D. Out Camp.

(11.)



Louisiana State penitentiary, Had in fact made their decision June 29, 2012. And Denied (plaintiff) Appeal.
See: Exhibit (F 6)

On about December-18, 2012. Department of public Safety and Corrections. <u>Disciplinary Board Of Appeal.</u> LSP-2012-0284.
Conspiracing with Louisiana State penitentiary, which again, made an erroneous decision. And Sentence (plaintiff) to rule #10. Going Back and froward. D.O.C Refusing to Correct err. And uphold Sentencing. Exhibit (F 6) Plainly States appeal is denied. It was the secretary duty, to hold justice in this out rage. But Instead. Officials all plot to be more Contary. "Closing up delays," 'altogather.

(plaintiff) Suffer unconditionly. He Experience pain and Suffering, deliberate indifference to medical needs unsafe Conditions. Through it all May 31, 2012 He were rerouted from main prison. To Camp-D, out camp, Cell Block, Raven 2, Right Cell (7) Do to the fact, Robertson, were sentence to extended lock down. The D.B. Court, not knowing, he and another offender were in the same cell.
<u>See: Exhibit, Disciplinary Report</u>
#25 Ext. L/D. SCrathed, Off. And /OR Out. And my WCB Writing. As the plot Continual –

(12.)

On about June 28, 2012. (plaintiff) made sick Call Health Care Request Form # 011100. He was promise by EMT. He would see a doctor. Never did. 2:30 AM July 18, 2012 he made contact with Sgt Shane Daniel. To Call for the medical Emergency, EMT. Because He could no longer walk. For the swelling, shortness of breath. Etc.... During this time, he had gotten another Cell mate. By the Name: of Uralle Price # 443097. That Stayed helping him the rest of the eary morning hours. He had been going Into panic attacks. Sytoms of Claustrophobia was eating him up. No one care. He stoped warden: Troy Poret pleading, asking him. To please have him sent back to main prison Cell blocks. where he Could be closer by the – treatment center. For medical observation. Etc...

Warden: Troy poret. Turn his back over and over again on (plaintiff) Showing prejudice toward this sick offender July 10. 2012. There was a board hearing. Robertson was called out. But still never release. Col. Cruse. Call him a boy. while Classification officer set on the board ms. FairChild. And said nothing to help him. From the racial slurs made by Col. Cruse.

(Plaintiff) walking Cane was taken. By the warder Troy Poret work-Call was call At 6:55 (5) five days a week. He Stood with-out his Cane Some 30-35 minutes

(12.)

Exhaustion of Legal Remedies Coming to an end!
See: Exhibit (G.) Denied 1/07/13 LSP-2012-2314
See: Exhibit (H.) Prepared by: Troy Poret/AWII

Plaintiff:

Upon his arrival there at camp-D., From Main prison.
Larry Robertson, was Placed into cell #7. an offender
with medical conditions. Badly Beating, Blows to the head,
from the, Brutal Attack! On may 11, 2012. There
warden Troy Poret. The unusual punishment, Warden.
Where offender go, as a concenration camp. To cause
one greif, pain, and suffering. So much trouble is back
there. In fact, warden Troy Poret. Is in trouble with the law
his self. For the wrong thats done to offenders.


There he place (plaintiff) Larry Robertson. Into cell #7
with no air current flow. A sick inmate. Another offender
By the name of Tarone Harris #297984. Had to help care
for offender Robertson. Also doing may 9, 2012. Before offender
Robertson Brutal Attack. Dr. Toce. Changed his blood
pressure pills. And tole him, If theres any sign of —
Swelling at all. notify EMT At once. His feet had
Swollen so bad. one actually, could leave their finger prints
marks on top of his feet. This poor (plaintiff) went
through some hell.

(12,)

(Plaintiff) Complained to pill call Officers, about his con-
ditions. EmTs. wrote warden Assistant warden Kenneth -
Norris (Health Care) warden. But, Still he only got letters
stating keep his appointment, In the future.

Larry Roberson (plaintiff) Suffered. As he was placed
at Camp-D. Warden. Troy Poret, In such, Hostile En-
vironment! In his evil Cell. with no air. no fan.
Nothing at all. Warden Poret. Knowing this offender is
suffering doing his stay of punishment. And Torment,
So warden poret. had his officers Break. The Stainless
Steel Sink. Where the (HOT WATER) Stayed Broken
Temper already at 103° to 105° In that Cell. Plaintiff
had to empty his sink. He and his cell mate for up
to hours at a time. As the Stainless Steel Sink. Heated
up (plaintiff) Cell. He was Cage In like Some type of
animal.

September 14. 2012 (Plaintiff) was release from Camp-D
to main prison. on appeal. "That had beer already denied!"
On about. After, Its time limit. His appeal was send 5/15/2012
He recived. His denial on about, June 29. 2012 14-15 days over
due.
Warden. Poret. Still hadn't notify (plaintiff) of his new appeal
decision.

(12.)

Done on about September 10, 2012. Done by the newly appeal. Lt. Libby Roblin. Because, Of Lt. M. Piazza, And Warden Dabbs, Abuse, Enroreous, And mistreated Decision. They infact Jeopardized. Didn't Care, any thing. About the time limitations or any thing. "Louisiana State Penitentiary. Violated" Prison officials did injustice. To this helpless (plaintiff)

Refusing to investigate on time. With D.O.C Policy On timely Conditions. On Appeals
See: Exhibit (A)
     Exhibit (E5.)
     Exhibit (F 6.)

Then placing, matters, powers, And vindictive Ruling In their own Contrary way. Conspiracing one with a- nother. From L.S.P. D.B. Court. Appeal office. L.S.P. All the way up to. James M. LeBlane, secretery of Public Safety and Corrections

This ill (plaintiff) Didn't even get to see a Dr. until September 24. 2012 About his sickness 50% made by L.S.P.

Then, upon arrival at main prison, (Plaintiff) Larry Robertson

(16.)

(12)

was Immediately threaten. by prison officers . Stating he has a phone call. From warden poret. Tormenting him. IF he don't drop the ARP. Hes Coming up to pick him up. And Bring him back to the Cell blocks. In return -

Stating (Plaintiff) made a bad deal. with the warden. Trying to overpower him. Into dropping his Administrative Remedy procedure.
Col: voorihs
Sgt. Smith. ms. that is
Sgt metz
And/A dorm full of Inmates And/OR offender listening to All the threats

(Plaintiff) were beaten so badly. By Inmate. Miardello Ashford on about may 11,2012. Cause a lack of security.' He first Notice, A Big Relief. When he walked on the main prison, Walnut-4. Dormitory. There had been Such Changes Booth, (Dear Stand) About 8x6. $3\frac{1}{2}$ feet off the floor. Where Officers, Can see over the dorms. Also Fixin for Camera. most of the dorms have Cameras. Sure walnut 4 Cameras will be Install In the near future. And/OR Time Clocks. That has been Installed. Where Officers have to punch their card every hour on the hour. Which gives them a Chance to walk So theres no lack of security. As here-in this Case,

(17.)

(13.)

The Plaintiff has no plain, adequate or Complete remedy at law to redress the wrongs described herein. Plaintiff has bee and will Continue to be irreparable injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which - Plaintiff Seeks.

(14.)

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

(14) A declaration that the act and omissions described herein violated plaintiff's rights under the Consititution and laws of the United States.

(15.) (Plaintiff) Is Ordering all defendants here-in. on the heading, to Compensate him. jointly and severally $ 75,000⁰⁰ each.

(16) (Plaintiff) Also seek's Punitive damages in the amount of - $ 75,000⁰⁰ against each defendant.

(17.) A Jury trial on all issues triable by jury

(18.) Plaintiff's cost in this suit. be Paid by D.O.C Baton Rouge, LA. P.O. Box 94304 70804-9304. And/or Repaid back to him. For his filing

(20.) Any additional relief this Court deems Just, proper, and equitable.

Date: MARCH 13, 2013
Respectfully Submitted, Larry Robertson. Angola, LA.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matter alleged therein are true, except as to — matter alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at city and state on 3/15/13
Angola, LA

Larry Robertson
LARRY Robertson.

One (1.)