UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY ROBERTSON (#250866)            CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.            NO. 13-0171-SDD-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 3, 2015.

                              RICHARD L. BOURGEOIS, JR.
                              UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| **LARRY ROBERTSON (#250866)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LeBLANC, ET AL.** | **NO. 13-0171-SDD-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (R. Doc. 27). This Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Ass't Warden Kenneth Norris, Medical Director Jason Collins, Sgt. Earnestine Jackson, Disciplinary Hearing Officers W. Thomas and R. Augustine, Ass't Warden Kathy Fontenot, Col. David Voorhies, Disciplinary Appeal Officers B. Dobbs, M. Piazza and L. Roblin, Ass't Warden Troy Poret, Sgt. Shane Daniel, the Louisiana Department of Public Safety and Corrections, the "State of Louisiana Health Service," and the LSP "Investigation Service." As pertinent to the claim remaining before the Court, the plaintiff complains that the defendants violated his constitutional rights by housing him in an over-crowded and poorly monitored dormitory adjacent to a dangerous co-inmate in May, 2012, resulting in the plaintiff sustaining injury at the hands of the co-inmate on May 11, 2012. Pursuant to an earlier Magistrate Judge's Report in this case, approved in part by the District Judge on February 20, 2014, *see* R. Docs. 19 and 21, the Court concluded that the plaintiff had failed to state a claim upon which relief could be granted. However, the Court granted the plaintiff leave to file an amended complaint, giving

him an opportunity "to state a claim, if he can, of deliberate indifference to the risk of harm by a co-inmate." *See* R. Doc. 21.  In response, the plaintiff filed an amended complaint, *see* R. Doc. 22, naming as defendants only Warden Burl Cain, Dr. Jason Collins and Sgt. Earnestine Jackson, and voluntarily dismissing his claims asserted against the remaining defendants.  In response to this amended complaint, the named defendants have filed the instant motion, asserting that the plaintiff has provided no new factual allegations sufficient to alter the Court's initial conclusion that the plaintiff had failed to state a viable claim for relief in this Court.

Addressing first the plaintiff's claim asserted against defendant Dr. Jason Collins, who is identified as being the Medical Director at LSP, the Court finds that this defendant is not properly before the Court.  Specifically, the Court's Order granting the plaintiff an opportunity to amend his complaint explicitly did so only with regard to the plaintiff's claim "of deliberate indifference to the risk of harm *by a co-inmate*."  *See* R. Doc. 21 (emphasis added).  Therefore, the allegations in the amended complaint relative to alleged deficient medical care *after* the attack by the referenced co-inmate are not properly before the Court, this claim having been addressed and rejected by the Court in connection with the defendants' prior motion to dismiss.  Further, it appears that the plaintiff has provided no new factual allegations relative to defendant Collins or relative to any direct or personal involvement by this defendant in the plaintiff's medical care after the referenced attack.  Accordingly, as previously found by the Court, the plaintiff's allegations relative to this defendant implicate only the defendant's supervisory responsibility and are not sufficient to support a claim of liability under § 1983.  As stated by the Court in addressing the defendants' prior motion:

> [A]lthough the plaintiff has named as defendant[] the LSP Medical Director, Dr. Jason Collins, ... the plaintiff has failed to assert any personal participation by [this] defendant[] in his medical care, alleging only that Dr. Collins, as the LSP Medical Director, "is legally responsible for the health care of all offenders ... of this institution ...."  It is clear

> that [this is an assertion] of mere supervisory responsibility on the part of [this] defendant[] and, pursuant to *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983), in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of a constitutional right or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Id.* at 768. Any allegation that Dr. Collins ... [is] responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Accordingly, in the absence of any allegation by the plaintiff that one or more persons who have been named as defendants in this proceeding have been deliberately indifferent to the plaintiff's medical needs, this claim must be rejected.

*See* R. Doc. 19 at pp. 14-15. In the absence of any new allegations in the amended complaint that suggest the direct or personal involvement of defendant Collins in the plaintiff's medical care, the plaintiff's claim asserted against defendant Collins should be dismissed.

Turning to the plaintiff's claim asserted against defendants Warden Burl Cain and Sgt. Earnestine Jackson, the Court again concludes that the allegations contained in the amended complaint are not sufficient to assert a viable claim relative to any violation of the plaintiff's constitutional rights. In initially addressing the sufficiency of the plaintiff's allegations, the Court explained:

> Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Not every prison fight is actionable, however, and in order for there to be liability in connection with this cause of action, there must have existed an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas, supra*, 786 F.2d at 1259. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The deliberate indifference standard sets a very high bar, and a claim of

mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

In applying the foregoing standard in the context of the plaintiff's original complaint, the Court failed to discern a plausible basis for a finding of liability on the part of the defendants. Specifically, the plaintiff failed to allege that any defendant was personally aware of a serious threat of potential harm to the plaintiff from the offending co-inmate. Nor did the plaintiff allege that he advised any prison official, prior to the attack, of an existing or previous conflict between himself and the offending co-inmate. The mere fact that the co-inmate may have been in prison for conviction of a violent crime or may have been involved in an alleged violent confrontation with another inmate many years previously was not found sufficient to support a claim that the co-inmate presented a particular risk of harm to the plaintiff or to any other inmate, of which the defendants were aware. *See Farmer v. Brennan, supra*, 511 U.S. at 858-59 (Thomas, J., concurring) (noting that "[p]risons are necessarily-dangerous places," which "house society's most antisocial and violent people in close proximity with one another," thereby making it inevitable that "some level of brutality ... among prisoners" may occur). Moreover, the Court noted that many inmates confined at LSP have past histories of violent conduct and that prison officials engage in substantial efforts to separate inmates who have experienced specific prior conflict and to classify inmates so as to assign them to housing that takes into account their prior histories, their intervening efforts at rehabilitation and self-control, and their conduct while incarcerated. *See Verrette v. Major*, 2011 WL 3269319, *2 (W.D. La. July 29, 2011) (dismissing an inmate's failure-to-protect claim upon a finding that, even if the defendant was aware of an inmate's history of violence, "[p]risons are dangerous places housing dangerous people" and "[i]t is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-prisoner violence"). Finally, the

Court found that the plaintiff's generalized assertions regarding over-crowding and a lack of security at the prison were conclusory and were not sufficient to support his claim. *See Thompson v. Stalder*, 2008 WL 874138, *7 (M.D. La. April 1, 2008) (noting that a claim of mere over-crowding, without more, does not state a violation of an inmate's constitutional rights); *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (reiterating that "[o]ver-crowding of persons in custody is not *per se* unconstitutional"); *Clark v. Gusman*, 2012 WL 1825306, *2 (E.D. La. March 29, 2012) (finding that vague and conclusory allegations of inadequate security and staffing were not sufficient to state a claim). Thus, the Court concluded that, "[i]n the absence of any suggestion that the defendants, by their actions, intended to cause the plaintiff harm or disregarded an obvious threat to the plaintiff's safety of which they were subjectively aware, there is no basis for the imposition of liability against the defendants."

        The plaintiff's allegations in his amended complaint do not alter the Court's conclusions. He again provides only conclusory assertions regarding generalized over-crowding and a generalized lack of security, and he provides no factual details to support his claim of a "dramatically increased ... level of violence" or of "blind spots preventing security from being able to observe the activities of the inmates." Although he asserts that the offending co-inmate had a "violent prison record and is convicted of an extremely violent crime," and is a "mental patient prescribed medication for his condition, and frequently fails to take it," the plaintiff makes no reference to any other incidents of violence or conflict involving the co-inmate. Nor has the plaintiff opposed the defendants' motion or introduced evidence to refute the evidence introduced by the defendants, which evidence consists of the enemy lists of the plaintiff and the offending co-inmate. *See* R. Docs. 27-3 and 27-4. These lists reflect that the plaintiff had no known enemies at LSP and that neither the plaintiff nor the co-inmate were identified as enemies

on the other's list. In fact, the enemy list of the offending co-inmate reflects that his last recorded incident involving an "inmate[] with whom he has had problems" occurred in 2004, more than eight years prior to the incident complained of herein. Thus, there is nothing the record to support the plaintiff's contention that the defendants should have anticipated the referenced attack upon the plaintiff. Even the plaintiff concedes, in his amended complaint, that the attack occurred when the offending co-inmate "*inexplicably*" went berserk." *See* R. Doc. 22 at p. 3 (emphasis added). And whereas the plaintiff complains that the assigned security officer in the dormitory, defendant Earnestine Jackson, failed to make her scheduled rounds in the dormitory at the required 45-minute interval, the plaintiff concedes that this defendant was "fully trained in security matters" and had "the essential knowledge, skills, abilities and attitudes needed to perform [her] job." *See id.* at p. 2. Thus, the defendant's alleged lapse in the performance of her duties on the date of the incident may be seen to amount only to mere negligence and not to a conscious or callous indifference on her part to the plaintiff's safety.

In addition to the Court's finding that the plaintiff's conclusory allegations are insufficient to support a claim for relief, the Court notes, in connection with the defendants' alternative motion for summary judgment, that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56,

the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court reviews the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

      The plaintiff has filed no opposition in response to the defendants' motion.  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in an unsworn complaint in opposing a properly supported motion.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324.  Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*  When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in

support of the motion to be undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Similarly, a party who fails to controvert a statement of undisputed facts submitted by an opponent in support of a motion for summary judgment may be seen to have admitted to the facts asserted therein. *See Beard v. Banks*, 548 U.S. 521, 527 (2006) (concluding that, "by failing specifically to challenge the facts identified in the defendant's statement of undisputed fact, Banks is deemed to have admitted the validity of the facts contained in the ... statement"); *Smith v. Brenoettsy*, 158 F.3d 908, 910 note 2 (5th Cir. 1998) (noting that the plaintiff's failure to oppose a motion for summary judgment meant that the facts stated in the opponent's statement of undisputed facts were "admitted for purposes of review").

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' alternative motion for summary judgment or to the documentary evidence produced in support thereof. Other than the conclusory allegations of the plaintiff's amended complaint, unsworn and unsupported by corroborating evidence,[1] there is nothing before the Court which tends to support his assertion that he has been subjected to deliberate indifference. What is before the Court for consideration are the enemy lists of the plaintiff and the offending co-inmate that indicate that there were no known problems between the two inmates. Further, the defendants' uncontested statement of undisputed facts, which is deemed to be admitted for purposes of the pending motion, reflects that the defendants were in fact "unaware [that the offending co-inmate] presented a risk of harm to the plaintiff on May 11,

---

1. Although the plaintiff's original complaint was verified as being true and correct "under penalty of perjury," *see* R. Doc. 1 at p. 20, the amended complaint is not so verified and, as previously noted, the factual allegations contained in the original complaint were found not to be sufficient to withstand a motion to dismiss.

2012." *See* R. Doc. 27-2 at p. 2. Accordingly, based upon this evidence and upon the plaintiff's failure in this case to oppose the defendants' alternative motion for summary judgment, to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.[2]

RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (R. Doc. 27) be granted, dismissing the plaintiff's claims asserted against the remaining defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 3, 2015.

                              **RICHARD L. BOURGEOIS, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**

---

2. Although the plaintiff makes reference in his amended complaint to subsequent remedial measures allegedly taken by prison officials to provide better observation posts for security officers in the prison dormitories, the general rule is that such measures may not normally be utilized to show the fault of the defendants at the time of an incident complained of. *See, e.g., Thompson v. Peerboy*, 131 F.3d 140, *2 (5th Cir. 1997) (upholding trial court's refusal, based on Rule 407 of the Federal Rules of Evidence, to allow into evidence fact that inmate plaintiff was transferred to another location after incident complained of). In addition, whereas the plaintiff includes allegations regarding the alleged violation of state fire codes and other prison rules and regulations, the law is clear that mere violations of state laws or regulations are not actionable under § 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1353 (5th Cir. 1989).